IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| BRUCE V. LOCKLEAR, | : |
| Plaintiff, | : |
| v. | : |
| STATE FARM FIRE AND CASUALTY COMPANY, | : CASE NO: 7:24-cv-105–WLS |
| Defendant. | : |

## ORDER

On October 4, 2024, Defendant State Farm Fire and Casualty Company ("State Farm") filed a Notice of Removal (Doc. 1), removing this case from the Superior Court of Lowndes County, Georgia, to this Court. Therein, State Farm asserts that this Court has diversity jurisdiction over this matter, pursuant to 28 U.S.C. § 1332. (Doc. 1 ¶¶ 6, 11).

Section 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" Here, in its Notice of Removal, State Farm asserts that this Court has diversity jurisdiction because the controversy between Plaintiff and Defendant is a controversy between citizens of different states. (Doc. 1 at ¶ 5-6). State Farm further asserts that Plaintiff seeks compensatory damages in the amount of $67,946.53 in addition to a claim for bad faith failure to settle under O.C.G.A. § 33-4-6, which would allow the jury to impose additional penalties in the event State Farm is found to be liable to Plaintiff. (*Id.*¶¶ 7–8); (*see also* Doc. 1-2 at 3–4). State Farm contends that "[w]hen totaling the demanded compensatory damages [$52,458.99] plus alleged bad faith penalty [$26,229.50] plus alleged attorney's fees, the amount in controversy exceeds $75,000.00." (*Id.* at ¶ 9).

On January 7, 2025, however, Plaintiff filed his First Amended Complaint (Doc. 19), which excludes the bad faith claim entirely, as well as the original complaint's demand for attorney's fees and costs. (Doc. 17 at ¶ 20). The Amended Complaint seeks only compensatory damages in the amount of $52,458.99. (*Id.*) As such, the Court must determine whether the requirements of diversity jurisdiction are met. *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168

F.3d 405, 410 (11th Cir. 1999) ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

Accordingly, for the Court to properly evaluate whether subject matter jurisdiction exists in this case, the Parties are hereby **ORDERED** to submit a supplemental brief explaining their respective positions on whether the requirements of diversity jurisdiction are satisfied in light of the amended pleadings. Such briefing shall be submitted **within fourteen (14) days** of the entry of this Order, or **by no later than Thursday, February 6, 2025**. Such briefing shall be limited to ten (10) pages as to each party. No additional briefing is permitted unless expressly authorized by separate Court order or notice.

**SO ORDERED**, this 23rd day of January 2025.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**